**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MONJE and BETH MONJE, individually and on behalf of their minor son R.M., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SPIN MASTER INCORPORATED, a Delaware corporation; et al., <br><br> Defendants-Appellees. | No.   15-16480 <br><br> D.C. No. 2:09-cv-01713-JJT <br><br> MEMORANDUM* |

| | |
|---|---|
| MARK MONJE and BETH MONJE, individually and on behalf of their minor son R.M., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SPIN MASTER INCORPORATED, a Delaware corporation; et al., <br><br> Defendants, <br><br> and | No.   15-16567 <br><br> D.C. No. 2:09-cv-01713-JJT |

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MOOSE ENTERPRISES PROPRIETARY LIMITED, an Australian company,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted February 1, 2017
University of Arizona – Tucson, Arizona

Before: LEAVY, MURGUIA, and FRIEDLAND, Circuit Judges.

This appeal follows an eight-day jury trial that resulted in a verdict for Plaintiffs-Appellants Mark and Beth Monje. The Monjes sought and were awarded compensatory damages on behalf of their minor son, R.M., for injuries he sustained after ingesting "Aqua Dots," toy beads designed, distributed, and sold by Defendants-Appellees Spin Master Inc., Spin Master Ltd., Moose Enterprises Proprietary, Ltd., and Toys "R" Us, Inc. (collectively, "Defendants"). The Monjes appeal several pretrial rulings that prohibited them from seeking additional damages at trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. The district court did not err in granting partial summary judgment for

---

[1] Because we affirm all of the rulings challenged by the Monjes, we need not address the issues raised in the contingent cross-appeal filed by Moose Enterprises.

Defendants on punitive damages. To recover punitive damages in Arizona, a plaintiff must show that the defendant acted with an "evil mind." *Thompson v. Better-Bilt Aluminum Prods. Co.*, 832 P.2d 203, 209 (Ariz. 1992) (in banc). An "evil mind" requires either intentional conduct or conscious disregard of an unjustifiably substantial risk of harm to others. *Id.*

There is no evidence from which a reasonable juror could conclude that Defendants acted with an "evil mind." Defendants were not aware that Aqua Dots posed a toxicological risk before R.M.'s ingestion. Defendants submitted the product for testing, and independent laboratories repeatedly certified the toy as compliant with global and U.S. safety standards. The Monjes contend Defendants could have discovered that Aqua Dots were toxic if they had performed more or different testing, but "negligence, or even gross negligence" cannot establish the requisite "evil mind." *Volz v. Coleman Co.*, 748 P.2d 1191, 1195 (Ariz. 1987) (in banc). Accordingly, Defendants were entitled to judgment as a matter of law on the issue of punitive damages.

2. The district court did not abuse its discretion in holding that Mr. Monje was judicially estopped from asserting claims for loss of consortium, emotional distress, and R.M.'s past and future medical expenses. *See Hamilton v. State Farm*

*Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (stating that the district court's application of the doctrine of judicial estoppel to the facts of a case is reviewed for abuse of discretion). Mr. Monje omitted his claims in this action from the asset disclosure schedule in his Chapter 7 bankruptcy proceeding. A party is judicially estopped from asserting a cause of action that was not disclosed in a previous bankruptcy proceeding. *Id.*

Mr. Monje seeks to escape that well-established rule by claiming that his omission was inadvertent. The district court found Mr. Monje's claim of inadvertence to be conclusory and not credible; that determination was not illogical or unreasonable.[2] Mr. Monje also argues that barring his claims will deprive his innocent creditors of a potential source of recovery. Given that the integrity of the entire bankruptcy system is undermined when debtors fail to fully and honestly disclose their assets, *Hamilton*, 270 F.3d at 785, the district court did not abuse its

---

[2] Inadvertence also fails to explain Mr. Monje's failure to reopen the bankruptcy case as soon as Defendants raised judicial estoppel. In fact, Mr. Monje did not move to reopen the bankruptcy case until nearly five months after the district court's adverse judicial estoppel ruling. In light of those circumstances, the district court did not abuse its discretion by refusing relief from its judicial estoppel ruling after Mr. Monje reopened the bankruptcy case. *See Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008) (stating that Rule 60(b) motions for relief from judgment are reviewed for abuse of discretion).

4

discretion by concluding that competing policy interests weighed in favor of applying the doctrine of judicial estoppel.

To the extent the Monjes are attempting to challenge the district court's denial of the bankruptcy trustee's motion to intervene or to assert claims on behalf of the bankruptcy creditors, they lack standing to do so. *See Estate of Spirtos v. One San Bernardino Cty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175-76 (9th Cir. 2006) (holding that the trustee alone has standing to assert claims on behalf of a bankruptcy estate).

3. The district court did not abuse its discretion by excluding the Monjes' expert witness from opining that Aqua Dots caused R.M. to suffer permanent brain injuries. *See Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191 (9th Cir. 2007) (stating that a district court's decision to exclude expert testimony is reviewed for abuse of discretion). The Monjes' expert witness advanced two causation theories. One theory was not disclosed until the expert's deposition and was excluded as a discovery sanction for untimely disclosure.[3] The other theory was excluded as

---

[3] The Monjes later tried to revive this theory under a different name; however characterized, the theory was not disclosed in the expert's report, and it was not an abuse of discretion to impose the attendant automatic discovery sanction. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *accord* Fed. R. Civ. P. 37(c)(1).

unreliable after the expert witness unambiguously disavowed the theory at his deposition, stating repeatedly and explicitly that there was no supporting evidence. It was well within the district court's broad discretion to exclude both theories. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

**AFFIRMED.**